ORIGINAL

FILED
U.S. DISTRICT COURT
AUGUSTA DIV.

2013 NOV -5 PM 2:04

CLERK
SO. DIST. OF GA.

IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF GEORGIA

DUBLIN DIVISION

| | | |
|---|---|---|
| ABELINO ESPINOZA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CV 313-055 |
| | ) | |
| STACY N. STONE, Warden, et al., | ) | |
| | ) | |
| Defendants. | ) | |

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

*Pro se* Plaintiff, an inmate incarcerated at McRae Correctional Institution ("McRae") in McRae, Georgia, commenced the above-captioned civil rights case, and has been granted permission to proceed *in forma pauperis* ("IFP"). Before the Court is Plaintiff's motion for an emergency injunction. (Doc. no. 7.) Despite the fact that Plaintiff's complaint has not yet been screened pursuant to 28 U.S.C. § 1915A,[1] the Court finds it appropriate to rule on Plaintiff's motion without further delay. For the reasons set forth below, the Court **REPORTS** and **RECOMMENDS** that Plaintiff's motion for an emergency injunction be **DENIED**.

### I. FACTUAL BACKGROUND

In his complaint, Plaintiff alleges Defendants have been deliberately indifferent to

---

[1] Although Plaintiff has returned his Prisoner Trust Fund Account Statement and Consent to Collection of Fees form, he has not yet paid an initial fee as required by the Court's September 16, 2013 Order. (Doc. no. 6.)

a serious medical need by failing to order an MRI for him after he slipped and fell on his back. (See doc. no. 1, p. 10.) Now, in the instant motion, Plaintiff claims that he has been mistreated by staff at McRae since he filed his complaint. (Doc. no. 7, pp. 1-2.) Specifically, he claims the medical staff at McRae is denying him prescription pain medication, instead requiring him to "purchase weak medications from the commissary." (Id. at 1.) Plaintiff attaches to his motion a Sick Call Request Form, which indicates that he requested medical attention for his pain on September 20, 2013, and that medical staff assessed his condition on the same day and determined that prescription medication was unnecessary. (Id. at 4.) Plaintiff also claims he has been subject to insults and frequent searches of his cell since filing his complaint. (Id. at 1.) Plaintiff requests an injunction ordering that (1) he be examined for his pain and given his pain medication, (2) the filing fee for this case be withdrawn from his account, (3) "all threats, shake-downs, intimidations, refusal of medical medication and treatment should be overseen by the Federal Courts," and (4) officials at McRae be ordered to explain why he is threatened and refused his medication. (Id. at 2.)

## II. DISCUSSION

A party moving for injunctive relief must show the following: "(1) substantial likelihood of success on the merits; (2) irreparable injury will be suffered unless the injunction issues; (3) the threatened injury to the movant outweighs whatever damage the proposed injunction may cause the opposing party; and (4) if issued, the injunction would not be adverse to the public interest." McDonald's Corp. v. Robertson, 147 F.3d 1301, 1306 (11th Cir. 1998) (citing All Care Nursing Serv., Inc. v. Bethesda Mem'l Hosp., Inc.,

887 F.2d 1535, 1537 (11th Cir. 1989)). "A preliminary injunction is an extraordinary and drastic remedy not to be granted unless the movant clearly establishes the 'burden of persuasion' as to the four requisites." All Care Nursing Serv., Inc., 887 F.2d at 1537 (citing United States v. Jefferson County, 720 F.2d. 1511, 1519 (11th Cir. 1988)).

Here, Plaintiff has not met his burden of persuasion as to these requirements. First, Plaintiff has offered nothing to suggest a likelihood of success on the merits of the new claims of mistreatment alleged in the instant motion. Plaintiff merely disagrees with the professional opinion of the prison medical staff that his condition does not require the use of prescription pain medication. (See doc. no. 7, pp. 1, 4.) The Eleventh Circuit has consistently held that a mere difference of opinion between an inmate and prison medical officials over a diagnosis or course of treatment does not support a claim of deliberate indifference. See Smith v. Fla. Dep't of Corr., 375 F. App'x 905, 910 (11th Cir. 2010) (*per curiam*). Plaintiff also fails to show a likelihood of success based on his claim that he is subject to insults, as the Eleventh Circuit has stated that "verbal abuse alone is insufficient to state a constitutional claim." Hernandez v. Florida Dep't of Corr., 281 F. App'x 862, 866 (11th Cir. 2008) (*per curiam*) (citing Edwards v. Gilbert, 867 F.2d 1271, 1274 n. 1 (11th Cir. 1989). Furthermore, prisoners have no Fourth Amendment rights against searches of their prison cells, and thus Plaintiff fails to show a likelihood of success as to his claim that he is subject to frequent searches of his cell. Padgett v. Donald, 401 F.3d 1273, 1278-79 (11th Cir. 2005) (citing Hudson v. Palmer, 468 U.S. 517, 526 (1984)). Therefore, the new allegations raised in the instant motion fail to state a claim under § 1983, and Plaintiff has thus failed to show a likelihood of success on the

merits.

Additionally, Plaintiff has failed to establish that there is a substantial threat that he will suffer irreparable injury if the injunction is not granted. In order to satisfy the irreparable injury requirement, Plaintiff must show that the threat of injury is "neither remote nor speculative, but actual and imminent." Northeastern Fla. Chapter of Ass'n of General Contractors of Am. v. City of Jacksonville, Fla., 896 F.2d 1283, 1285 (11th Cir. 1990) (quoting Tucker Anthony Realty Corp. v. Schlesinger, 888 F.2d 969, 973 (2d Cir. 1989)); see also Church v. City of Huntsville, 30 F.3d 1332, 1337 (11th Cir. 1994) (noting that, in order to obtain injunctive relief, a plaintiff must show "a real and immediate – as opposed to a merely conjectural or hypothetical – threat of future injury."). Here, Plaintiff claims only that he should receive stronger pain medication and that "more harm will be done to [him]" if the injunction is not granted. (Doc. no. 7, pp. 1-2.) However, he does not identify any irreparable injury, imminent or otherwise, that he is likely to sustain if the injunction is not granted. Thus, Plaintiff has failed to meet his burden of persuasion as to the second element.

As for the final two elements of the preliminary injunction inquiry, Plaintiff has offered nothing to suggest that any threatened injury to the movant outweighs the damage the proposed injunction may cause the opposing party, or that the proposed injunction would not be adverse to the public interest. He has therefore failed to satisfy these elements, especially since federal courts should refrain from unwarranted interference in the day-to-day operations of state prisons. See Prieser v. Rodriguez, 411 U.S. 475, 491-92 (1973).

III. **CONCLUSION**

In sum, Plaintiff has not satisfied the requisite elements for a preliminary injunction, and thus the Court **REPORTS** and **RECOMMENDS** that Plaintiff's motion for an emergency injunction be **DENIED**. (Doc. no. 7.)

SO REPORTED and RECOMMENDED this 5th day of November, 2013, at Augusta, Georgia.

BRIAN K. EPPS
UNITED STATES MAGISTRATE JUDGE

5