IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF GEORGIA

DUBLIN DIVISION

ABELINO ESPINOZA, )
)
    Plaintiff, )
)
v. ) CV 313-055
)
STACY N. STONE, Warden, et al., )
)
    Defendants. )

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Plaintiff, an inmate at McRae Correctional Institution ("MCI") in McRae, Georgia, commenced the above-captioned civil rights case,[1] and is proceeding *pro se* and *in forma pauperis* ("IFP").[2] Because Plaintiff is proceeding IFP, his complaint must be screened to protect potential defendants. Phillips v. Mashburn, 746 F.2d 782, 785 (11th Cir. 1984); Al-Amin v. Donald, 165 F. App'x 733, 736 (11th Cir. 2006) (*per curiam*).

---

[1] Plaintiff attempts to bring this action under 42 U.S.C. § 1983. (Doc. no. 1.) However, § 1983 only authorizes claims against persons acting under color of state law, while the authority to maintain custody of federal prisoners is created by federal law and is reserved solely to the federal government. Thus, as Plaintiff is a federal prisoner, relief is not available to him under § 1983. See, e.g., Sarro v. Cornell Corr., Inc., 248 F. Supp.2d 52, 64 (D.R.I. 2003). Accordingly, the Court construes Plaintiff's complaint as bringing a claim under Bivens v. Six Unknown Federal Narcotics Agents, 403 U.S. 388 (1971).

[2] Plaintiff has also filed a motion for an extension of time in which to pay the initial partial filing fee. (Doc. no. 12.) However, as the required fee has now been paid, Plaintiff's motion for an extension should be **DENIED AS MOOT**.

I.  SCREENING OF THE COMPLAINT

A.  BACKGROUND

In his complaint Plaintiff names the following defendants: (1) Stacy N. Stone, Warden at MCI, and (2) Stacy Giles, Health Services Administrator at MCI. (See Doc. no. 1, pp. 1, 7.) Taking all of Plaintiff's factual allegations as true, as the Court must for purposes of the present screening, the facts are as follows.

On June 7, 2013, Plaintiff slipped and fell onto his back, and complained of head and back pain to the medical unit. (Id. at 8-9.) Medical staff told Plaintiff he would have to wait until the following day to receive treatment. (Id. at 9.) On June 8, 2013, Plaintiff was placed in sheltered housing for observation. (Id.) After performing an x-ray and physical examination, the doctor noted that Plaintiff's head was swollen and provided him medication for pain and inflammation. (Id.)

On June 11, 2013, Plaintiff submitted a grievance stating that he was experiencing pain and needed further evaluation of his injuries. (Id.) Plaintiff was told that Defendant Giles would not consider him a candidate for an MRI. (Id.) On July 22, 2013, Plaintiff experienced additional head and back pain rendering him unable to get up from his bed, and was taken to the medical department and placed in sheltered housing. (Id. at 10.) Plaintiff claims he continued to experience head and back pain that interfered with his ability to walk, sleep, and use the restroom. (Id.) Plaintiff alleges Defendants have continued to treat his pain by imposing medical restrictions and prescribing medications, despite "the fact that Plaintiff is in dire need of MRI [sic] to fully evaluate the extent of the injuries suffer [sic] as the result of the fall." (Id.) Plaintiff requests "an order

2

declaring that the defendants have acted in violation of the United States Constitution," and an injunction requiring Defendants to provide an MRI. (Id. at 11.)

### B. DISCUSSION

#### 1. The Legal Standard for Screening.

The complaint or any portion thereof may be dismissed if it is frivolous, malicious, or fails to state a claim upon which relief may be granted, of if it seeks monetary relief from a defendant who is immune to such relief. See 28 U.S.C. §§ 1915(e)(2)(B) and 1915A(b). A claim is frivolous if it "lacks an arguable basis either in law or in fact." Neitzke v. Williams, 490 U.S. 319, 325 (1989). "Failure to state a claim under § 1915(e)(2)(B)(ii) is governed by the same standard as dismissal for failure to state a claim under Fed. R. Civ. P. 12(b)(6)." Wilkerson v. H & S, Inc., 366 F. App'x 49, 51 (11th Cir. 2010) (per curiam) (citing Mitchell v. Farcass, 112 F.3d 1483, 1490 (11th Cir. 1997)).

To avoid dismissal for failure to state a claim upon which relief can be granted, the allegations in the complaint must "state a claim for relief that is plausible on its face." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009). That is, "[f]actual allegations must be enough to raise a right to relief above the speculative level." Twombly, 550 U.S. at 555. While Rule 8(a) of the Federal Rules of Civil Procedure does not require detailed factual allegations, "it demands more than an unadorned, the defendant unlawfully-harmed-me accusation."

3

Iqbal, 556 U.S. at 678. A complaint is insufficient if it "offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action,'" or if it "tenders 'naked assertions' devoid of 'further factual enhancement.'" Id. (quoting Twombly, 550 U.S. at 555, 557). In short, the complaint must provide a "'plain statement' possess[ing] enough heft to 'sho[w] that the pleader is entitled to relief.'" Twombly, 550 U.S. at 557 (quoting Fed. R. Civ. P. 8(a)(2)).

Finally, the court affords a liberal construction to a *pro se* litigant's pleadings, holding them to a more lenient standard than those drafted by an attorney. Erickson v. Pardus, 551 U.S. 89, 94 (2007) (*per curiam*); Haines v. Kerner, 404 U.S. 519, 520 (1972) (*per curiam*). However, this liberal construction does not mean that the court has a duty to re-write the complaint. Snow v. DirecTV, Inc., 450 F.3d 1314, 1320 (11th Cir. 2006).

### 2. Plaintiff Fails to State a Claim for Deliberate Indifference to a Serious Medical Need.

To state a claim of deliberate indifference to serious medical needs, Plaintiff must allege that: (1) he had an objectively serious medical need, (2) Defendants acted with deliberate indifference to that need, and (3) his injury was caused by Defendants' wrongful conduct. Goebert v. Lee County, 510 F.3d 1312, 1326 (11th Cir. 2007); see also Thomas v. Bryant, 614 F.3d 1288, 1317 n.29 (11th Cir. 2010) (noting that a plaintiff must "show a causal connection between the constitutional violation and his injuries" to prevail on any § 1983 claim).

To satisfy the requirement of stating an objectively serious medical need, a prisoner must allege that his medical need "has been diagnosed by a physician as mandating treatment or . . . is so obvious that even a lay person would easily recognize

4

the necessity for a doctor's attention." Goebert, 510 F.3d at 1326 (quoting Hill v. Dekalb Reg'l Youth Det. Ctr., 40 F.3d 1176, 1187 (11th Cir.1994)). To state a claim that Defendants were deliberately indifferent to his medical needs, Plaintiff must allege that Defendants: (1) were subjectively aware of a serious risk to Plaintiff's health, and (2) disregarded that risk by (3) following a course of action which constituted "more than mere negligence." Id.

Furthermore, "not every claim by a prisoner that he has not received adequate medical treatment states a violation of the Eighth Amendment." Farrow, 320 F.3d at 1243. The Eighth Amendment does not mandate that the medical care provided to the prisoner "be perfect, the best obtainable, or even very good." Harris v. Thigpen, 941 F.2d 1495, 1510 (11th Cir. 1991) (quoting Brown v. Beck, 481 F. Supp. 723, 726 (S.D. Ga. 1980) (Bowen, J.)). As the Supreme Court has explained:

> [A]n inadvertent failure to provide medical care cannot be said to constitute "an unnecessary and wanton infliction of pain" or to be "repugnant to the conscience of mankind." Thus, a complaint that a physician has been negligent in diagnosing or treating a medical condition does not state a valid claim of medical mistreatment under the Eighth Amendment. Medical malpractice does not become a constitutional violation merely because the victim is a prisoner. In order to state a cognizable claim, a prisoner must allege acts or omissions sufficiently harmful to evidence deliberate indifference to serious medical needs.

Estelle v. Gamble, 429 U.S. 97, 105-06 (1976). Thus, mere allegations of negligence or malpractice do not amount to deliberate indifference. Campbell v. Sikes, 169 F.3d 1353, 1363-72 (11th Cir. 1999) (explaining that medical malpractice cannot form the basis for Eighth Amendment liability); Harris, 941 F.2d at 1505. Furthermore, the Eleventh Circuit has consistently held that a mere difference of opinion between an inmate and

5

prison medical officials over a diagnosis or course of treatment does not support a claim of deliberate indifference. See Smith v. Fla. Dep't of Corr., 375 F. App'x 905, 910 (11th Cir. 2010) (*per curiam*).

Here, although Plaintiff has arguably shown a serious medical need, he has failed to satisfy the second prong of the requisite test, in that he has failed to allege that Defendants acted with "deliberate indifference" to his health or well-being. According to Plaintiff's complaint, he has been examined by medical staff multiple times, and is receiving ongoing treatment including provision of prescription pain medications and medical restrictions. (Doc. no. 1, p. 10.) Moreover, Defendants' responses to Plaintiff's grievance and appeal, which are attached to the complaint, indicate that he received "x-rays of [his] cervical, lumbar and sacral spine" and a heart EKG, but that his diagnostic tests "have all been normal." (Id. at 16.) Given the treatment Plaintiff has received and is still receiving, it is clear that his medical needs are not being met with deliberate indifference. Goebert, 510 F.3d at 1326. Plaintiff merely disagrees with medical staff as to the diagnosis and course of treatment for his head and back pain, which does not support a deliberate indifference claim. Smith, 375 F. App'x at 910. Therefore, Plaintiff fails to state a claim for deliberate indifference to his medical needs, and his complaint should be dismissed.

## II. CONCLUSION

For the reasons set forth above, the Court **REPORTS** and **RECOMMENDS** that Plaintiff's motion for an extension of time in which to pay the initial partial filing fee be **DENIED AS MOOT** (doc. no. 12), his complaint be **DISMISSED** for failure to state a

claim upon which relief may be granted, and that this civil action be **CLOSED.**

SO REPORTED and RECOMMENDED this 6th day of January, 2014, at Augusta, Georgia.

/s/ Brian K. Epps
BRIAN K. EPPS
UNITED STATES MAGISTRATE JUDGE